UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIANNE GALE, individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                                                CASE NO. 8:16-cv-03315-EAK-TGW

THE HERTZ CORPORATION,

    Defendant.
_____/

**JOINT MOTION TO SUBMIT SETTLEMENT
AGREEMENT TO THE COURT FOR *IN CAMERA* REVIEW**

Plaintiff Brianne Gale ("Plaintiff") and Hertz Local Edition Corporation ("Defendant")[1] (collectively, the "Parties") jointly move the Court to review the settlement agreement entered into by the Parties in this action *in camera* so that it can remain confidential without becoming a public record in the court file.

**MEMORANDUM OF LAW**

The Parties in this action have settled their claims and defenses and, contemporaneously with this motion, have filed a joint motion seeking the Court's approval of the settlement and dismissal of the action with prejudice. The Parties have executed a confidential settlement agreement, which will not be effective unless and until it is approved by the Court.[2]

The Parties request that the Court permit the Parties to submit the confidential settlement agreement to the Court for *in camera* review. The Parties believe that it is appropriate for the

---

[1] The Hertz Corporation is not the proper defendant, as it did not employ Plaintiff. Instead, Hertz Local Edition Corporation was Plaintiff's former employer. As such, Hertz Local Edition Corporation files this joint motion, as though it had been named as the defendant in this action.

[2] The instant action is one of two filed by Plaintiff against Defendant, both of which are pending before this Court. The second action, *Brianne Gale v. The Hertz Corporation*, Case No. 8:16-cv-03116-EAK-AAS (M.D. Fla.), has also been resolved, but did not involve FLSA claims and, thus, does not require court review or approval. The parties will be filing a stipulation of dismissal in Case No. 8:16-cv-03116-EAK-AAS in the near future.

Court to depart from the general policy of public filings due to the nature of this case and the legal requirements for a valid settlement. The Parties have carefully negotiated a settlement in this action in which the confidentiality of the Parties' agreement is an integral provision of the overall settlement (and, thus, disclosure of the agreement to the public would deny Defendant the benefit of its bargain); however, because the agreement includes the Parties' settlement of claims brought pursuant to the FLSA, the settlement agreement must be presented to and approved by the Court. 29 U.S.C. § 216(c); *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

By allowing for *in camera* review of the settlement agreement, the Court can consider the settlement for approval and still foster the policy of encouraging parties to resolve their disputes. The Parties request that the Court maintain the settlement agreement for the period of time necessary for the Court to consider the Parties' joint motion to approve the settlement. The Parties further request that the Court return the settlement agreement to Defendant's counsel after the Court has completed its review of the agreement and ruled on the Parties' joint motion to approve the settlement.

Requests for confidential review of settlement terms are common in FLSA settlements. This Court and many federal court judges in Florida have permitted parties to FLSA settlements to submit settlement agreements to the court for review without having to file the settlement agreements in the public record. *See, e.g., Smith v. Starbucks Coffee Co.*, 8:16-cv-2384-T-17JSS (M.D. Fla. Sept. 29, 2016) (Kovachevich, J.) (Order granting in camera review of FLSA settlement agreement); *Hassan v. Mansour Enters., Inc.*, Case No. 8:14-cv-360-EAK-EAJ (M.D. Fla. May 12, 2014) (Kovachevich, J.) (same); *Rojas v. MK Automotive, Inc.*, Case No. 11-cv-00798 (M.D. Fla. Dec. 20, 2011) (Kovachevich, J.) (same); *see also* Middle District: Dyer v.

JTNU, Inc., *et al.*, 8:17-cv-644-T-26AAS (M.D. Fla. June 9, 2017) (Lazzara, R.) (Order granting in camera review); *Vega v. McKinley Props., Inc.,* Case No. 8:16-cv-734-T-MAP (M.D. Fla. June 16, 2016) (Pizzo, Mag.) (same); *Davin v. Camp Nebraska, Inc.*, Case No. 8:14-cv-974-T-30EAJ (M.D. Fla. Oct. 14, 2014) (Moody, J.) (same); *Jackson v. Lincare, Inc.*, Case No. 8:22-cv-02653 (M.D. Fla. Apr. 2, 2012) (Wilson, Mag.) (same); *Brune v. JLP Advisors, Inc*., Case No. 11-cv-244 (M.D. Fla. June 8, 2011) (Bucklew, J.) (same); *Frost v. Quality Metal Fabricators, Inc.*, Case No. 09-cv-02446 (M.D. Fla. Mar. 26, 2010) (Moody, J.) (same); <u>Southern District</u>: *Mumford v. H&R Block Eastern Enters., Inc.*, Case No. 11-cv-21148 (S.D. Fla. Sept. 10, 2012) (Zloch, J.) (Paperless order granting motion for leave to submit settlement agreement to the court for in camera review); *Riveron v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21156 (S.D. Fla. Aug. 4, 2012) (Simonton, Mag.) (Order granting motion for in camera review of FLSA settlement agreement); *Prada v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20831 (S.D. Fla. Apr. 20, 2012) (Moore, J.) (Paperless notice of court practice upon notice of settlement); *Singh v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20954 (S.D. Fla. Apr. 10, 2012) (Scola, J.) (Order granting in camera review of FLSA settlement agreement); *Nicholas v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21144 (S.D. Fla. Apr. 3, 2012) (Martinez, J.) (same); *Khan v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20217 (S.D. Fla. Dec. 7, 2011) (King, J.) (same); *Cruz v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21036 (S.D. Fla. Nov. 18, 2011) (Jordan, J.) (same); *Heredia v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-20830 (S.D. Fla. Nov. 18, 2011) (Simonton, Mag.) (same); *Paul v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-cv-21083 (S.D. Fla. Nov. 18, 2011) (Simonton, Mag.) (same); *Norris v. H&R Block Eastern Enterprises, Inc.,* Case No. 11-20197 (S.D. Fla. Oct. 31, 2011) (Jordan, J.) (same); *Hardemon v. H&R Block Eastern Enterprises, Inc.,*

Case No.: 11-cv-20193 (S.D. Fla. Sept. 22, 2011) (Moore, J.) (Paperless Notice of Court Practice Upon Notice of Settlement); *Illano v. H&R Block Eastern Enterprises, Inc.*, Case No: 09-22531 (S.D. Fla. Sept. 21, 2011) (McAliley, Mag.) (Order granting motion to seal settlement agreement, finding the existence of other FLSA lawsuits against the company "good cause" for sealing the individual settlement); *Descrescente v. H&R Block Eastern Enterprises, Inc.*, Case No. 11-20198 (S.D. Fla. Aug. 15, 2011) (Ungaro, J.) (Order granting in camera review of FLSA settlement agreement); *Greene v. H&R Block Eastern Enterprises, Inc.*, Case No. 1:11-cv-20190 (S.D. Fla. July 28, 2011) (Goodman, Mag.) (same); Northern District: *Krpata v. Kasco Servs. Corp.*, Case No. 4:13-cv-427 (N.D. Fla. Feb. 11, 2014) (Walker, J.) (same) (the referenced orders are attached hereto as Composite Exhibit A); *see also Suda v. Sushiden Corp.*, No. 10 Civ. 5692(JGK), 2011 WL 1210206 (S.D.N.Y. March 23, 2011) (applying balancing test in *United States v. Amodeo*, 71 F.3d 1044, 1050-52 (2d Cir. 1995), to an FLSA settlement and finding a sufficient showing to redact the amount of settlement payments from the settlement agreement filed publicly and permitting the parties to file the un-redacted settlement agreement under seal).[3]

---

[3] The Parties recognize that other respected federal district court judges in Florida require settlement agreements to be filed publicly based on the notion that the public has an interest in settlements of wage claims. *See, e.g., Dees v. Hydradry*, 706 F. Supp. 2d 1227 (M.D. Fla. April 19, 2010) (Merryday, S.); *Hanson v. Wells Fargo Bank*, Case No. 08-80182-Civ, 2009 WL 1490582 (S.D. Fla. May 26, 2009) (Ryskamp, J.). The Parties respectfully disagree with the conclusion that there is a unique public interest in FLSA settlements that differs from other types of employment cases. The public filing of settlement agreements is not required by the FLSA or its regulations, and numerous other methods exist by which employees are given notice of FLSA rights and responsibilities. These methods include, among others, the FLSA and regulations themselves, information on the Department of Labor ("DOL") website (www.dol.gov), the notice-posting requirements in FLSA regulations (required by 29 C.F.R. § 516.4 (WH Form 1088)), and DOL enforcement actions (*see* 29 U.S.C. §217). Perhaps more importantly, a settlement is not a judgment against the employer and in no way constitutes an admission of wrongdoing or "notice" of any rights or responsibilities. The public interest in FLSA settlements is no different from settlements of employment discrimination cases pursued under important civil rights statutes that have a "public-private" character, yet employment discrimination cases are routinely settled confidentially. The Parties' view that confidential FLSA settlements are permissible is bolstered by the fact that numerous federal judges in Florida have routinely granted confidential review of FLSA settlements notwithstanding the *Dees* and *Hanson* decisions.

Indeed, *Lynn's Food's* teaching is in some tension with the decisions mandating public filing of FLSA settlements. 679 F.2d at 1353. A requirement to publicly file a settlement deters settlements from occurring. *Lynn's Food* counsels district courts to review the fairness of the *settlement to the employee who asserted the claim*, not whether it is in the interest of the general public. To be sure, a lost settlement due to the inability to settle

By allowing for *in camera* review of the settlement agreement in this case, the Court will "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

WHEREFORE, the Parties request that the Court review the settlement agreement entered into by the Parties in this action *in camera* so that it can remain confidential without becoming a public record in the court file.

Date: December 28, 2017

Respectfully submitted,

| | |
|---|---|
| /s/ Mitchell L. Feldman | /s/ Reed L. Russell |
| Mitchell L. Feldman | Reed L. Russell |
|   Florida Bar No. 80349 |   Florida Bar No. 184860 |
|   MLF@feldmanlegal.us |   reed.russell@phelps.com |
| 18801 N. Dale Mabry Highway, #563 | Erin L. Malone |
| Lutz, Florida 33548 |   Florida Bar No. 0036074 |
| Telephone: (813) 639-9366 |   erin.malone@phelps.com |
| Fax: (813) 639-9376 | Phelps Dunbar LLP |
| | 100 South Ashley Drive, Suite 1900 |
| ATTORNEY FOR PLAINTIFF | Tampa, Florida 33602 |
| |  (813) 472-7550 |
| |  (813) 472-7570 (FAX) |
| | |
| | ATTORNEYS FOR DEFENDANT |

---

publicly serves only to *harm* the interests of the employee who, with assistance of counsel, reaches agreed terms of a confidential settlement. At a minimum, it is not the law of the Eleventh Circuit to require the public filing of settlement agreements involving FLSA claims. The decision to accept and review this settlement agreement confidentially lies solely within this Court's discretion.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                    /s/ Reed L. Russell
                                    Attorney