UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIANNE GALE, individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                    CASE NO. 8:16-cv-03315-EAK-TGW

THE HERTZ CORPORATION,

    Defendant.
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL

Plaintiff Brianne Gale ("Plaintiff") and Hertz Local Edition Corporation ("Defendant")[1] (collectively, the "Parties") jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement") and entry of an order of dismissal.[2] The Parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable compromise of the claims asserted. The Court's approval and entry of an order of dismissal will consummate the Agreement between the Parties. The grounds for this joint motion are set forth in the following memorandum of law.

### MEMORANDUM OF LAW

**A.    BACKGROUND**

On December 2, 2016, Plaintiff filed this action against Defendant in which she alleged that Defendant violated the Fair Labor Standards Act (the "FLSA") by failing to pay overtime

---

[1] The Hertz Corporation is not the proper defendant, as it did not employ Plaintiff. Instead, Hertz Local Edition Corporation was Plaintiff's former employer. As such, Hertz Local Edition Corporation files this joint motion, as though it had been named as the defendant in this action.

[2] Contemporaneously with this motion, the Parties have filed a "Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review," in which the Parties request that the Court review the settlement agreement entered into by the Parties in this action *in camera* so that it may remain confidential without becoming a public record in the court file.

compensation for hours she worked in excess of 40 in a workweek during her employment with Defendant. (Doc. 1.) Defendant denies any and all liability to Plaintiff, and further contends that there are defenses applicable to Plaintiff, which, if asserted, would bar all or part of her claim.

The Parties engaged in early settlement negotiations prior to and after the filing of the Complaint, and reached terms of settlement that, if approved by the Court, would completely resolve all the claims by Plaintiff in this action.[3]  The Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

### B.    LEGAL PRINCIPLES

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

---

[3] The instant action is one of two filed by Plaintiff against Defendant, both of which are pending before this Court. The second action, *Brianne Gale v. The Hertz Corporation*, Case No. 8:16-cv-03116-EAK-AAS (M.D. Fla.), has also been resolved, but did not involve FLSA claims and, thus, does not require court review or approval. The parties will be filing a stipulation of dismissal in Case No. 8:16-cv-03116-EAK-AAS in the near future.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Ass'n,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, *2 (M.D. Fla. Jan. 8, 2007) (adopting *Leverso* factors in reviewing an FLSA settlement). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair," and remain aware "that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Hamilton*, 2007 WL 328792, at *2 (internal citations omitted).

### C. **LEGAL ANALYSIS**

As discussed above, Defendant denies that it owes Plaintiff any additional compensation. Plaintiff acknowledges that the settlement amounts represent a fair and reasonable compromise of her respective claims. Accordingly, the settlement is fair.

Courts have found no fraud or collusion where both parties were represented by counsel, the amount allocated to the plaintiff was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Helms v. Cent. Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4-5 (M.D. Fla. Dec. 26, 2006) (applying *Leverso* factors in FLSA settlement). The undersigned counsel represent to the Court that there was no fraud or collusion.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted by Plaintiff. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. The Parties began settlement discussions shortly after the filing of the Complaint. Ultimately, the Parties reached a resolution of the disputed claim for overtime compensation, despite Defendant maintaining that Plaintiff is not owed any additional compensation. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make educated and informed analyses of the claims. Courts approve settlements early in FLSA cases in these circumstances, recognizing that "early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary." *Helms,* 2006 WL 3858491, at *4.

The settlement reached in this case did not involve coercion, collusion, or any undue influence, but were instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant.

Finally, this Court need not consider the fairness of attorneys' fees and costs, because Plaintiff's counsel has agreed to waive any fees and costs resulting from this action, and the entire settlement amount will be paid directly to Plaintiff.

## **CONCLUSION**

For the foregoing reasons, the Parties file this joint motion requesting that the Court approve the proposed settlement agreement and enter an Order dismissing this action with prejudice.

Date: December 28, 2017

Respectfully submitted,

| | |
|---|---|
| /s/ Mitchell L. Feldman | /s/ Reed L. Russell |
| Mitchell L. Feldman | Reed L. Russell |
|  Florida Bar No. 80349 |  Florida Bar No. 184860 |
|  MLF@feldmanlegal.us |  reed.russell@phelps.com |
| 18801 N. Dale Mabry Highway, #563 | Erin L. Malone |
| Lutz, Florida 33548 |  Florida Bar No. 0036074 |
| Telephone: (813) 639-9366 |  erin.malone@phelps.com |
| Fax: (813) 639-9376 | Phelps Dunbar LLP |
| | 100 South Ashley Drive, Suite 1900 |
| ATTORNEY FOR PLAINTIFF | Tampa, Florida 33602 |
| |  (813) 472-7550 |
| |  (813) 472-7570 (FAX) |
| | |
| | ATTORNEYS FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

　　　　　　　　　　　　　　　　　　/s/ Reed L. Russell
　　　　　　　　　　　　　　　　　　Attorney